UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TODD ALLEN JOHNSON,

        Petitioner,

v.

ROBERT FENESIS, Warden, Rush City,
JOAN FABIAN, Commissioner of DOC,
MIKE HATCH, Minnesota Attorney Gen.,

        Respondents.

Civil File No. 05-2917 (DSD/JJG)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is challenging his Minnesota state court conviction and sentence for "criminal vehicular homicide." (Petition, [Docket No. 1], p. (2), ¶ 4.) He was convicted on October 31, 2003, based on a stipulated set of facts presented at a court trial. (Id., ¶s 2, 5-7.) He was sentenced to 120 months in state prison, and he is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Following his conviction and sentencing, Petitioner filed a direct appeal with the Minnesota Court of Appeals. He claimed that some of the evidence used to convict him was obtained by means of an illegal search and seizure that was conducted in violation of his rights under the Fourth Amendment. He also claimed that the trial court committed a sentencing error. The Court of Appeals rejected Petitioner's Fourth Amendment claim and affirmed his conviction; but the Court also found that a sentencing error had occurred, so the case was remanded to the trial court for resentencing. State v. Johnson, 689 N.W.2d 247 (Minn.App. 2004), rev. denied, January 20, 2005. On remand, Petitioner was resentenced to 98 months in prison. (Petition, p. (6), ¶ 12.D.)

Petitioner apparently did not seek any further judicial review of his conviction or sentence until December 16, 2005, when he filed his current federal habeas corpus petition. The instant petition lists three grounds for relief:

(1) that Petitioner's conviction was based on evidence obtained by means of an allegedly illegal search of his home, which violated his rights under the Fourth Amendment;

(2) that Petitioner was deprived of his constitutional right to "fairness of due process," because the trial court did not uphold his rights under the Fourth Amendment; and

(3) that Petitioner's new 98-month sentence, which was imposed following the remand by the Court of Appeals, was "still in excess of [the] agreed plea agreement," and Petitioner "did not have a chance to withdraw his guilty plea."[2]

---

[2] The Court finds this claim to be somewhat puzzling, because Petitioner has indicated that he did not actually plead guilty, but rather, he "waive[d] [his] right to a jury and had a stipulated facts trial." (Petition, p. (2), ¶ 5.)

2

(Petition, pp. (5) - (6), ¶ 12.)

None of Petitioner's three habeas claims can be entertained at this time, however, because one those claims – namely Ground Three – has never been fairly presented to the Minnesota state courts. It will therefore be recommended that the instant petition be dismissed without prejudice due to non-exhaustion of state court remedies.

**II.  DISCUSSION**

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" --

3

i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it clearly appears that Ground Three of Petitioner's current petition has not been fairly presented to, or addressed by, any Minnesota state court. That claim stems from the resentencing that occurred after the Minnesota Court of Appeals remanded Petitioner's case to the trial court. Petitioner claims that his new sentence violates the terms of a plea agreement, and that he should have been given a chance to withdraw his plea. However, the petition indicates that Petitioner has never challenged his new sentence, or asserted his right to withdraw his guilty plea, in any state court proceeding, (and certainly not in any state appellate court proceeding). (See Petition, p. (3), ¶ 10.) Furthermore, there is a state court remedy that might still be available for Petitioner's third ground for relief -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01.

Thus, the Court finds that Ground Three of the instant petition is an unexhausted claim, which means that Petitioner has filed a mixed petition, (i.e., a petition that contains at least one unexhausted claim). Because a federal court cannot entertain a mixed habeas petition, this action will have to be summarily dismissed.

The Court will recommend, however, that this action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim.[3] Petitioner may return to federal court -- if necessary -- after the state

---

[3] If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court). See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve

courts, (including the Minnesota Supreme Court), have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court.  See Williams v. Goose, 77 F.3d 259, 262 (8th Cir. 1996).[4]

Because Petitioner has not presented a habeas corpus claim on which relief can be granted, the Court will further recommend that his application to proceed in forma pauperis, (Docket No. 2), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

---

federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[4]  The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  Here, however, that is not a viable option.  If Petitioner were to abandon his unexhausted claim, (i.e., his challenge to his new sentence), and proceed only on his two currently exhausted claims, (i.e., his two Fourth Amendment claims), his petition would be summarily dismissed with prejudice, because both of his exhausted claims are barred by Stone v. Powell, 428 U.S. 465 (1976).  In Stone, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 482.  It appears that Petitioner did have a fair opportunity to litigate his Fourth Amendment claims in the state courts, so those claims will not be reviewable in a federal habeas corpus proceeding.  Thus, if Petitioner were to abandon his one currently unexhausted claim, he would be left with only two claims that are unreviewable – and are therefore subject to immediate dismissal – under Stone v. Powell.

**IT IS HEREBY RECOMMENDED THAT**:

1.   Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.   Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

and

3.   This action be summarily DISMISSED WITHOUT PREJUDICE.

DATED: December 20, 2005

            s/Jeanne J. Graham

            JEANNE J. GRAHAM
            United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by January 11, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.