UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2917(DSD/JJG)

Todd Allen Johnson,

        Petitioner,

v.                                                          **ORDER**

Robert Fenesis, Warden
MCF/Rush City, Joan Fabian,
Commissioner of DOC and
Mike Hatch, Minnesota
Attorney General,

        Respondent.


This matter is before the court upon petitioner Todd Allen Johnson's objections to the report and recommendation of Magistrate Judge Jeanne J. Graham, dated December 20, 2006, and his motion to amend the petition. In her report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice. Upon a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation in part.

**DISCUSSION**

**I.   Motion to Amend**

The § 2254 petition, as filed, contains two claims for which petitioner has fully exhausted his state court remedies and one

claim for which petitioner has not sought state court review. Accordingly, the magistrate judge recommended that the court summarily dismiss the mixed petition without prejudice so as to allow the state courts an opportunity to review petitioner's unexhausted claim. See Rose v. Lundy, 455 U.S. 509, 519 (1982); 28 U.S.C. § 2254(b)(1). In response, petitioner moves the court to amend his § 2254 petition to include only the two claims for which he has exhausted state court review. Petitioner has a right to amend the petition so that he may proceed with his request for federal habeas corpus relief on his exhausted claims. See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam) (citing Rose v. Lundy, 455 U.S. 509 (1982)). Therefore, the court grants petitioner's motion to amend and proceeds to the merits of the two claims for which petitioner has exhausted state court review.

**II. Petitioner's Exhausted § 2254 Claims**

The two claims for which petitioner has exhausted his state court remedies are both premised upon alleged violations of his Fourth Amendment right under the United States Constitution to be free from unreasonable search and seizure. Specifically, he argues that his state court conviction was in violation of his Fourth Amendment rights because the state district court judge failed to exclude from his trial evidence that was obtained at his personal residence during a warrantless search.

The court treats Fourth Amendment claims raised by state court prisoners in a federal habeas corpus petition differently from all other constitutional claims. Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc).  If the state courts have provided petitioner "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494 (1976).  This is because the judicially created exclusionary rule "is not a personal constitutional right," but rather a means to effectuate those rights otherwise secured by the Fourth Amendment.  Willett, 37 F.3d at 1269 (quoting Stone, 428 U.S. at 486).  Accordingly, the court will not review petitioner's Fourth Amendment claims absent a showing that the Minnesota state court system did not provide him a procedure in which to raise his claims or that he was foreclosed from using such a procedure due to an "unconscionable breakdown in the system." Id. at 1273.

In this case, the state district court judge denied petitioner's pretrial motion to suppress the evidence obtained during the warrantless search of his residence on two grounds.  The district court judge held that probable cause justified the officers' warrantless entry of petitioner's home and, in the alternative, that the warrantless search was justified pursuant to the medical emergency doctrine.  See State v. Johnson, 689 N.W.2d

247, 251 (Minn. Ct. App. 2004). On appeal, the Minnesota Court of Appeals affirmed the district court's holding that probable cause supported the warrantless entry and declined to reach the issue of whether the search was also valid pursuant to the medical emergency doctrine. See id. at 252.

Petitioner argues that he did not receive an opportunity for full and fair litigation of his Fourth Amendment claims because the Minnesota Court of Appeals did not fully explore application of the medical emergency doctrine. However, it is not for the court to consider "whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." Willett, 37 F. 3d at 1273. The court finds that the Minnesota courts have provided petitioner an opportunity for full and fair litigation of his Fourth Amendment claims. See Stone, 428 U.S. at 494. Petitioner has failed to establish that the state of Minnesota did not provide him a procedure to address his claims or that the state court procedure available unconscionably broke down. See Willett, 37 F.3d at 1273. Accordingly, petitioner is barred by the doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976), from seeking federal habeas corpus relief on his Fourth Amendment claims. Therefore, the § 2254 petition for habeas corpus relief, as amended, is dismissed with prejudice.

**CONCLUSION**

Following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge in part.  Accordingly, **IT IS HEREBY ORDERED** that:

1.   Petitioner's motion to amend the petition [Doc. No. 7] is granted.

2.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is dismissed with prejudice.

3.   Petitioner's motion for leave to proceed in forma pauperis [Doc. No. 2] is denied.

4.   This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 28, 2006

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court